## W. B. Collins v. Daniel Edwards.

The court may authorise an intervenor to bond sequestered property.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *N. W. Jourdan*, for plaintiff. *Durant & Hornor*, for defendant and appellant.

Spofford, J. The defendant has appealed from a judgment against him as surety on a bond given by *Mrs. E. C. Murphy*, intervenor in the suit of *Collins* v. *Murphy & Co.*, to release a sequestration of certain mules obtained by the plaintiff in that suit.

The surety contends that there was no law authorizing an intervenor in a suit to bond property sequestered, that right being restricted to the original defendant and the plaintiff.

But it was held in the case of *Catalogne* v. *Bauries*, 4 An. 568, that the Judge might permit an intervenor to bond sequestered property.

In this case, there was a judicial order by a competent court, authorizing *Mrs. Murphy* to bond the mules. We think the surety who enabled her to avail herself of it, cannot be permitted to question the regularity of this order, by asserting that it was rendered upon insufficient evidence, that his principal's allegations in her intervention were false, and that the order enabled her, in effect, to become a surety for her husband.

The appellant contends that his principal was not in default for failing to restore the property at the termination of the suit. The Sheriff's returns show that she was. *Baker* v. *Morrison*, 4 An. 373.

The question in an action of this character is, how much has the plaintiff been injured by the failure of the principal to comply with the condition to restore the sequestered property. The damages against the surety cannot exceed the penalty stipulated, nor the value of the sequestered property. Within those limits, he is liable up to the amount of the judgment rendered against his principal. The penalty stipulated in the bond is greater than the judgment appealed from ; it is proved that the value of the mules was greater also.

The judgment against the surety who now appeals, was for the sum awarded the plaintiff in his original suit against *E. Murphy*, and for thirty-five dollars counsel fees *in this suit*. No law to which we have been referred, authorizes the latter charge in a suit of this character, more than in any other. The cases referred to relate to expenses incurred in the *original* suit by reason of the unlawful sequestration ; and they concern the liability of sureties on a bond given to *obtain*, not to *release* a sequestration. *Norton* v. *Cammack*, 10 An. 10 ; *Jones* v. *Doles*, 3 An. 588 ; *Penny* v. *Taylor*, 5 An. 718.

It is, therefore, ordered, that the judgment appealed from be amended by striking out the allowance of thirty-five dollars counsel fees, and that in all other respects the judgment be affirmed ; the costs of this appeal to be paid by the plaintiff and appellee.

Cole, J., took no part in this case.